UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SONIA WILLIAMS,

        Plaintiff,

  v.                                     Case No. 07-C-1113

JOSEPH DOMASK, et al.

        Defendants.

---

SONIA WILLIAMS,

        Plaintiff,

  v.                                     Case No. 07-C-1114

BUREAU OF PRISONS, et al.

        Defendants.

**ORDER**

Plaintiff has filed two complaints against a number of individuals. She has also filed motions for leave to proceed *in forma pauperis*. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring suit in federal court. 28 U.S.C. § 1914. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, however, insures indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915 authorizes an indigent party to commence a federal court action, without costs and fees, upon submission of an affidavit asserting

an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a).

Plaintiff is a resident of the Winnebago Mental Health Facility, and it is unclear if she is a "prisoner" or not – she appears to have been committed to that facility in order to obtain treatment so she will be competent to stand trial on robbery charges in Milwaukee County. If she is a "prisoner," then the requirements of § 1915(b) would apply, meaning that she would be forced to pay an initial partial filing fee. Review of her trust account statement, however, indicates that she lacks funds to pay such a fee. As such, to the extent such a fee would be required, it is waived.

Whether Williams is a "prisoner" or not, however, the complaints need to be screened by this court. Recognizing that some nonpaying litigants may attempt to abuse the privilege of filing complaints without paying a fee, Congress also authorized the courts to dismiss such a case if the allegation of poverty is untrue, or if satisfied that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is considered frivolous if there is no arguable basis for relief either in law or fact. *Neitzke*, 490 U.S. at 325.

In making such determinations, the court must give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and must accept well-pleaded factual allegations as true. But even pro se allegations must contain at least "some minimum level of factual support." *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989). Persons should not be allowed to proceed *in forma pauperis* if their claims are so lacking in specific facts that the court must invent factual scenarios that cannot be inferred from the pleadings. *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 758 (7th Cir. 1988).

2

**1. Case No. 07-C-1113**

The first action alleges negligence and misconduct on the part of Williams' lawyer, a private attorney named Joseph Domask who represented her on assignment from the public defender's office. She brings the action, in her own words, for negligence, hearsay, procrastination, conflict of interest, incompetence, and obstruction of justice, lying, abuse, and damages. She wants his bar license stripped, as well as $75,000,000. (Her complaint also purports to seek $67,000,000 and asks that the past history of a Dr. Petal is looked into, but the page requesting that relief appears to be out of place. Her complaint in 07-C-1114, however, is the one that seeks damages against the defendants named in 07-C-1113.)

Williams also brings claims against John Chisholm, the Milwaukee County District Attorney. She states that the charge did not fit the crime because a Detective Zen told her that her conduct could have constituted retail theft rather than bank robbery. She also states that she herself came up with the slogan "let the crime fit the charge," but that Chisholm appropriated the phrase and used it in the newspaper in an unrelated matter without asking her permission. She seeks $99,000,000 in damages.

None of the plaintiff's assertions constitute the basis for relief in a federal civil action. Her disputes with her attorney in her state criminal case, which is still pending, do not constitute a violation of any federal law. In other words, even if her claims are true, they do not state a claim on which relief may be granted by this court. Her criminal case is apparently still pending, and if the plaintiff has a problem with her appointed counsel the place to raise it is in state proceedings. The same is true for her claim against Chisholm. If her conduct did not fit the charge, as she says, that is a matter for the jury in her criminal case to decide and for Williams to take up on appeal.

3

None of her assertions are grounds for a federal civil complaint, however. Accordingly, the complaint will be dismissed.

**2. Case No. 07-C-1114**

In this complaint, Williams names the federal Bureau of Prisons and several corrections officers from facilities in Connecticut, Florida, Texas, and elsewhere. She also names an "evangelist" and one or more doctors. Her complaint recounts a series of events, including sexual abuse, beginning after her 1996 sentencing in what apparently was a federal case. She also cites a number of apparently unrelated events in which individuals grabbed her or otherwise made inappropriate contact with her. She further expresses a desire to have her daughter home with her and cites an unspecified problem with a psychologist and / or social worker involved in her daughter's case in children's court.

At least part of this complaint could be construed to state a claim under 42 U.S.C. § 1983 or *Bivens* against any state or federal employees who abused Williams in custody. *See Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 397 (1971). Several problems with the complaint warrant dismissal, however. First, the complaint does not set forth with even minimal specificity the grounds for any cause of action against a particular defendant. Second, the allegations appear scattered over several years and different states. In order to name multiple parties in a single lawsuit, the actions complained of must have something in common with each other. *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits.") Finally, it appears very likely that the claims would be barred by any applicable statute of limitations, as the events underlying them seem to have taken place in 1996 or 1998. This complaint will therefore be dismissed as well.

4

Therefore, **IT IS ORDERED THAT** the complaints in both of the above-captioned cases are **DISMISSED**; any filing fees due are waived.

Dated this 18th day of December, 2007.

                                        s/ William C. Griesbach
                                        William C. Griesbach
                                        United States District Judge